## LEONORA FAJARDO DE SALAZAR, Complainant,

*v.*

## FRANCISCO COSTA, Defendant.

---

OPINION ON MOTION FOR AN INJUNCTION FROM SUING IN AN INSULAR COURT.

A United States court in a suit first commenced therein may enjoin a party thereto from proceeding in an action subsequently instituted in an insular or state court, in which the issues are substantially the same, when such an action may defeat or impair the action of the United States court.

March 29, 1902.

---

*Mr. C. M. Boerman,* solicitor for complainant.

*Mr. F. H. Dexter,* solicitor for defendant.

HOLT, Judge, delivered the following opinion:

This is a bill to redeem certain mortgage property. It is averred the original mortgage debt of 10,000 pesos has been reduced by payments to 400 pesos of principal, and some interest, and that the complainant has offered to, and is willing and able to, pay this balance, or whatever may be due.

The bill was filed and process issued on February 15th, 1902.

---

*Injunction against legal proceedings.* As to injunction to restrain suit in foreign jurisdiction, see the authorities presented in note to Thorndike v. Thorndike, 21 L. R. A. 71.

Fajardo de Salazar v. 'Costa.

It was returned not executed, and an order for publication made on February 18th, 1902, warning the defendant to appear on April 14th, 1902..

An ancillary petition was filed on March 17th, 1902, asking an injunction against the defendant to prevent him from enforcing his mortgage in the insular district court for Ponce, by the executive proceeding permitted by the local Spanish law. This proceeding was begun by him on February 17th, 1902, by his procuring an order of said court allowing such summary proceedings to be instituted. It is not a suit *via ordinaria,* but a demand of payment of his mortgage debt, he claiming therein $6,651.90. After notice, if not paid within thirty days, an order of sale will follow, and the property is liable to thus pass to a third party. This will defeat, or at least complicate, any right the debtor has to redeem; is likely to lead to other litigation, and to impair or defeat the possible action of this court in a suit pending in it prior to the beginning of the proceeding in the insular court.

Motion, upon due notice, is now made for the injunction as incidental to the main action. The defendant has made a so-called special appearance to object, not generally to the jurisdiction of this court in this case, but to its power to enjoin the proceedings in the insular court, upon the ground that § 720 of the United States Revised Statutes (U. S. Comp. Stat. 1901, p. 581) forbids a United States court from enjoining proceedings in a state court, save in matters of bankruptcy.

Where, however, as between courts of concurrent jurisdiction, the jurisdiction of one has first attached, it may act by injunction *in personam* upon the litigant. He is liable to its order.

It is true that ordinarily the pendency of a suit in one jurisdiction—and the United States courts and the state or insular courts are separate jurisdictions—does not bar the exercise of

Fajardo de Salazar v. Costa.

jurisdiction in another as to the same subject-matter of action. Of course, this does not extend so far that one court may deprive another of the *res* when it is *in custodia legis.*

But § 720, *supra,* is to be construed in connection with § 716 of the United States Revised Statutes (U. S. Comp. Stat. 1901, p. 580), which provides that the United States courts shall have power to issue all writs necessary to the exercise of their jurisdiction, and essential to the proper administration of justice. For the efficient exercise of its jurisdiction it may resort to all means necessary to the end. It may act upon a party by injunction to prevent its jurisdiction from being defeated, or to prevent what is likely to defeat its possible action. It may do so by an ancillary proceeding. This power is necessary to the due administration of justice.

Suppose a bill is filed in this court to cancel an obligation, and that it has jurisdiction of the parties and the question. Thereafter the defendant brings a proceeding to enforce the same obligation in an insular or state court. Unless this court, in which the first suit is brought and in which the same question is presented, to wit, the validity of the obligation, can act by injunction upon the defendant, soon there may be in one court a judgment canceling the obligation, and in the other, one enforcing it. This would produce unseemly conflicts. When, in a case like this, one court has acquired jurisdiction of the controversy, it should be allowed to retain it; and until its hand is lifted, the other court should delay action. The right of a plaintiff to prosecute a suit in the court he has selected cannot be impaired or defeated by a subsequent act or proceeding as to the same matter in another court. It was so held in the celebrated case of Sharon v. Terry, 13 Sawy. 387, 1 L. R. A. 572, 36 Fed. 337. It is sustained by Lanning v. Osborne, 79 Fed. 657, where it is said, quoting with approval from another case:

Fajardo de Salazar v. Costa.

"The provision of § 5 of the act of March 2, 1793, that a writ of injunction shall not be granted to stay proceedings in any court of a state, has never been held to have, and cannot properly be construed to have, any application except to proceedings commenced in a state court before the proceedings are commenced in the Federal court; otherwise, after suit brought in a Federal court, a party defendant could, by resorting to a suit in a state court, defeat, in many ways, the effective jurisdiction and action of the Federal court after it had obtained full jurisdiction of person and subject-matter. Moreover, the provision of the act of 1793 (now § 720, U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 581) must be construed in connection with the provision of § 14 of the act of September 24, 1789, that the Federal courts shall have power to issue all writs which may be necessary for the exercise of their respective jurisdictions. . . .

"When the United States courts acquire jurisdiction of the parties and of the subject-matter, so far as acquired the jurisdiction is complete. There is not, in our system, anything so unseemly as rivalry and contention between the courts of a state and the courts of the United States (Sharon v. Terry, 13 Sawy. 387, 1 L. R. A. 572, 36 Fed. 337); and in a case where the circuit court would have jurisdiction to enjoin a party from bringing a multiplicity of suits which he was threatening to bring in the United States courts, and should exercise that jurisdiction, it is manifest how inadequate the relief would be if the party enjoined was left free to institute proceedings on the same cause of action in a state court having concurrent jurisdiction. It seems clear to us that no such element of weakness affects the jurisdiction of the United States courts; that in a proper case for injunction, of which, by reason of the subject-matter or of the citizenship of the parties, the United States

Fajardo de Salazar v. Costa.

courts have jurisdiction, the injunction may issue, and will be effectual to prevent the institution of a multiplicity of suits, or of any suit, in any other court; and that there is drawn to the court, otherwise properly issuing the injunction, the consideration of, and jurisdiction over, the whole subject-matter on account of which or out of which said suits are apprehended."

See also Shoemaker v. French, Chase, 267, Fed. Cas. No. 12, 800.

In this instance the parties in this action and in the summary proceeding in the insular court are the same. The issue is substantially the same, to wit, How much is owing on the obligation sued on? And to avoid useless litigation, and to prevent this court's action in the suit first brought from being rendered ineffectual, the injunction should be granted. It is of an *ad interim* character, depending upon the future action of this court.

An order will be entered in conformity to this opinion upon the execution of a bond as therein provided.